### DETERMINED IN THE

# THIRD. DEPARTMENT

### AT

## GENERAL TERM,

### December, 1895.

---

GRACE B. SHERMAN and ANNA T. BLANCHARD, Appellants, *v.*
JOSEPH GREEN, Respondent.

*Justice's Court — a return, which does not show when a demand for a jury trial was
made, should be sent back to be amended.*

Where from the position of an entry made by a justice of the peace upon his
minutes, as contained in the record on appeal to the County Court from his
judgment, it is left uncertain whether a statement, relative to a demand for a trial
by jury, refers to the day of the joinder of issue, or whether it refers to pro-
ceedings had upon the day to which the trial was adjourned, it is proper (inas-
much as section 2990 of the Code of Civil Procedure provides that, unless a jury
trial is demanded at the time when issue is joined, the right to such a trial shall
be deemed to have been waived) to order a further or amended return to be
made, to the end that the uncertainty may be dispelled.

APPEAL by the plaintiffs, Grace B. Sherman and another, from
a judgment and order of the County Court of Washington county,
entered in the office of the clerk of the county of Washington on
the 31st day of December, 1894, reversing a judgment rendered by
a justice of the peace of the town of Salem, Washington county,
and also from an order of the County Court of Washington county,
entered in said clerk's office on the 31st day of December, 1894,
denying the plaintiffs' motion for an order directing the justice of
the peace to make and file an amended return of the proceedings had
before him upon the trial of said action.

*Frederick W. Sherman*, for the appellants.

*J. B. McCormick*, for the respondent.

HERRICK, J.:

The plaintiffs recovered a judgment in a Justice's Court against the defendant; the defendant appealed therefrom to the County Court. The justice in his return, under the record of proceedings at the joining of issue, has these words, "Defendant appeared in person and by counsel and filed an answer in writing *and demanded a jury*, and stated that they were ready for trial." The words " and demanded a jury " had a line drawn through them in the return as filed, and upon the margin of the return appeared these words, " Defendant asks for a trial by jury and asked that a venire be issued in the usual form required by the Code." On the return of the second day's proceedings these words appeared, " Defendant insists on a trial by jury and asked that a venire issue in the usual form. That a jury was demanded by the defendant at the joinder of the issue of the trial, and defendant objects to proceeding to trial in this issue without a jury, and now tenders therefor $1.75 for such jury.

" Plaintiffs object to the allowance of the jury, on the ground that the defendant joined issue and took an adjournment without making any demand therefor."

It does not appear whether the memorandum of the demand for a jury by the defendant, which appeared upon the margin of the return, was intended as part of the record of the proceedings of the day of the joinder of issue, or of the proceedings upon the adjourned day. The plaintiffs insist that it refers to the demand made on the adjourned day; the defendant claims that it was the demand made at the joinder of issue.

The plaintiffs made a motion in the County Court for a further or amended return which should show when this demand for a jury was made, claiming that the demand made at the joinder of issue had been waived by the defendant, and that the demand set forth in the margin referred to the demand made by him upon the adjourned day. The motion for a further return was denied and the judgment reversed upon the ground that the defendant had been improperly deprived of a trial by jury of the issues in the action.

The motion for an amended return was denied upon the ground that there was no power in the court to compel the justice to make an amended return which would contradict the original return.

Section 2990 of the Code of Civil Procedure provides that, unless a jury trial is demanded at the time of the joining of issue, the right to trial by jury shall be deemed waived.

It will be seen, therefore, that it is important to have returned to the court the fact whether such demand for a trial by jury was made by the defendant at the time of the joining of issue, and, if so, whether it was waived. The entry in the margin of the justice's return leaves these questions unsettled. From the position of the entry upon the record, it leaves it uncertain as to whether it refers to the day of the joinder of issue or to the ¬roceedings had upon the day to which the trial was adjourned.

To ask the justice to make a return which will clear up this uncertainty is not to ask him to contradict or falsify his original return, but to cure it of all uncertainty, and it, therefore, does not come within the principle of the cases cited to us, that a justice cannot be asked to make an amended return which will falsify or contradict the one originally made by him.

The order of the county judge denying the further amended return should, therefore, be reversed, and an order made, requiring such further or amended return, as asked for in the plaintiffs' notice of motion therefor, and the judgment of the county judge reversing the judgment of the justice of the peace should be reversed, with directions to the County Court to hear the appeal upon the return of the justice, as amended and corrected.

Let an order be entered accordingly, with costs and disbursements of this appeal.

MAYHAM, P. J., and PUTNAM, J., concurred.

Order reversed and order made requiring an amended return. Judgment of County Court reversed and County Court directed to hear appeal on amended return, with ten dollars costs and disbursements to appellants.